**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4002

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

JEAN BUTEAU REMARQUE,

Defendant – Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Stephanie A. Gallagher, District Judge. (8:19−cr−00039−SAG−1)

Submitted: January 19, 2023                       Decided: April 6, 2023

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Bernard V. Kleinman, LAW OFFICE OF BERNARD V. KLEINMAN PLLC, Somers, New York, for Appellant. Erek L. Barron, United States Attorney, Baltimore, Maryland, Timothy F. Hagan, Jr., Assistant United States Attorney, John M. Blumenschein, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jean Buteau Remarque appeals his conviction and sentence for two counts of receipt of child pornography and one count of possession of child pornography. Although he confessed his crimes to an investigating officer, Remarque went to trial, where a jury found him guilty on all counts. The district court's sentence varied downward from the Guidelines range. On appeal, Remarque argues that (1) his indictment was deficient, (2) he was denied a speedy trial, (3) there was insufficient evidence to convict him of receipt of child pornography, (4) the affidavit that led to the government's search warrants was deficient, and (5) the district court's sentence was substantively unreasonable. Finding no error, we affirm.

Rather than reciting the full factual and procedural history here, we discuss the relevant aspects below as they relate to each of Remarque's arguments on appeal.

I.

First, Remarque argues that his possession charge is multiplicitous of his receipt charges because of a lack of factual allegations in the indictment. But the operative Third Superseding Indictment lists the date and time for Remarque's two receipt charges, which are distinct from the date of the possession charge (the date the agents searched Remarque's apartment and found child pornography). *United States v. Fall*, 955 F.3d 363, 373 (4th Cir. 2020) (possession and receipt charges "are not multiplicitous" when they "involve different conduct on different dates"). And as in *Fall*, there were many more files at issue in Remarque's possession charge than in the two receipt charges, such that "any overlap

2

. . . is much too small to warrant a finding that the offense conduct charged in [the possession count] was in fact the same as that charged in the receipt counts." *Id.* at 374. So the district court correctly held there was no multiplicity issue.

We also reject Remarque's argument that his indictment doesn't allege mens rea, as the Third Superseding Indictment states he "did *knowingly*" receive and possess child pornography.   J.A. 213, 214, 215 (emphasis added).   Remarque is correct that the knowledge requirement applies both to "the sexually explicit nature of the materials as well as . . . the involvement of minors in the materials' production." *United States v. Miltier*, 882 F.3d 81, 86 (4th Cir. 2018) (cleaned up).  But his indictment doesn't have to spell that out in detail.  Rather, indictments need only "allege each element of the offense, so that fair notice is provided." *United States v. Bolden*, 325 F.3d 471, 490 (4th Cir. 2003). Remarque doesn't challenge the district court's finding that he was sufficiently on notice of his charges.  So this argument fails, too.

## II.

Next, Remarque argues that his trial was illegally delayed.   He raises only a constitutional challenge, appearing to concede that his trial accorded with the Speedy Trial Act.[1]

---

[1] That's for good reason, because on all but 43 days between his initial appearance and his trial, there was either at least one pending motion or an "ends of justice" exclusion because of COVID-19.  On some days, both exceptions applied.  Those 43 countable days are well within the Speedy Trial Act's 70-day limit. *See* 18 U.S.C. § 3161(c)(1), (h).

3

Remarque doesn't challenge the trial delays attributable to the COVID-19 pandemic. Rather, he faults the government for taking too long (ten months) to respond to the motions to suppress he filed thirteen days after his initial appearance. This, he argues, pushed the trial into the pandemic, leading to unconstitutional delays that could have been avoided if the government had timely responded.

But we agree with the district court that the government's response was timely under the court's routine scheduling practices. And guided by the factors laid out in *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972)—the length of delay, the reason for the delay, the defendant's responsibility to assert his right, and prejudice—we agree with the district court that Remarque did not suffer a constitutional speedy-trial violation. At bottom, most of the delay is not the fault of the government, but rather is attributable to Remarque's own decision to change counsel repeatedly—and, we would add, to file dozens of pretrial motions—along with the COVID-19 pandemic, which neither party could foresee.

III.

Despite his confession, Remarque challenges the sufficiency of the evidence underlying his two receipt convictions. He asserts there was insufficient evidence that he (1) actually received images, (2) received them in interstate commerce, (3) knew they were sexually explicit or involved minors, (4) received depictions of real children, or (5) received the images in Maryland. But the trial record forecloses his arguments. There was "substantial evidence, taking the view most favorable to the Government, to support" his convictions. *Fall*, 955 F.3d at 375.

4

First, substantial evidence supported the jury's finding that Remarque received the two images at issue. The jury heard a recorded confession in which Remarque admitted to Department of Homeland Security Special Agent Christine Carlson that he'd used his phone to view and save images of child pornography. The jury also heard from a forensic expert who testified that the two images at issue were screenshots taken on an Android phone from the internet and transferred to a USB drive that Remarque admitted was his.

Second, substantial evidence likewise supported the federal nexus, interstate commerce. Using the internet satisfies this element. *See Fall*, 955 F.3d at 375. And the government "introduced evidence that, taken together, would allow a reasonable juror to conclude that the two files" came "from the internet." *Miltier*, 882 F.3d at 88. Remarque confessed that he used his phone to access 4-Share, which he called both a "platform" and a "website." *See, e.g.*, J.A. 330–31; S.J.A. 25–28, 32–34. Forensic evidence backed this up, as several images showed partial web addresses. And Agent Carlson testified specifically about the two images underlying the receipt charges, explaining that they were screenshots from a phone connected to Wi-Fi. One screenshot showed a partial URL. With this record, a reasonable juror could find that Remarque used the internet on his phone to access the two images and screenshot them.

Third, substantial evidence supported a finding that Remarque acted knowingly with respect to both the images' sexually explicit nature and the fact that they involved minors. The jury had Remarque's confession to Agent Carlson, in which he even expressly acknowledged that he knew the images were illegal. S.J.A. 29 ("I know. I know."); S.J.A.

5

37 ("Yeah, the act is illegal, yeah."). He also described being "addicted" to child pornography. S.J.A. 35.

Fourth, Remarque's argument that there was insufficient proof the images "depicted a real child," Appellant's Br. at 28, is similarly meritless. Agent Carlson provided unrebutted trial testimony that all images shown at the trial—including the two Remarque was charged with receiving—were database-verified images of identified children.

Finally, Remarque's argument that the government never proved venue in Maryland likewise fails. The search that produced the contraband, including the images in the receipt charges, took place in Remarque's apartment in Greenbelt, Maryland. Remarque told Agent Carlson he lived there, and his laptop and USB drive were recovered there. At the very least, this is substantial circumstantial evidence that Remarque committed the "essential conduct" of receipt in Maryland. *United States v. Sterling*, 860 F.3d 233, 241 (4th Cir. 2017) (holding that circumstantial evidence of venue, supported by the record as a whole, is sufficient).

## IV.

Next, Remarque challenges the search warrants that uncovered his offenses. We hold that Agent Carlson's affidavit, attached to the warrant applications, established probable cause under a "totality-of-the-circumstances analysis," consistent "with the practical, common-sense decision demanded of the magistrate." *Massachusetts v. Upton*, 466 U.S. 727, 732 (1984) (per curiam) (cleaned up).

The warrants were based on the personal knowledge of a named informant, Remarque's then-wife, Wanna Remarque. Remarque challenges Wanna's credibility, but she was a named informant—not an anonymous one—who described her personal knowledge of the facts. *Cf. United States v. Perez*, 393 F.3d 457, 462 (4th Cir. 2004) ("Unlike an anonymous tipster, an informant who meets face-to-face with an officer provides the officer with an opportunity to assess his credibility and demeanor and also exposes himself to accountability for making a false statement." (cleaned up)). And Agent Carlson independently corroborated several facts she learned from Wanna, including Remarque's address, the kind of car he drove, his current job and employment history, and even what his cell phone looked like. Wanna also described images she personally saw in Remarque's possession, and her description left no room to doubt that those images were child pornography.

At bottom, the affidavit supported probable cause. But even if the affidavit had fallen short of probable cause, the district court correctly denied suppression because good-faith reliance on the warrants was objectively reasonable. *See Fall*, 955 F.3d at 371.

## V.

Finally, Remarque challenges the factual basis for his sentence enhancements and argues that his below-Guidelines sentence was substantively unreasonable. We find both arguments to lack merit.

The district court conducted its own review of the images at issue and rejected Remarque's challenges to: (1) the number-of-images enhancement because the district

7

court counted them, (2) the use-of-computer enhancement because there was evidence linking Remarque's phone, laptop, and USB drive, (3) the sadistic/masochistic enhancement because the court found depictions of children being bound, and (4) the prepubescent enhancement because the court found a pornographic image of a baby. Given these findings by the district court, which Remarque doesn't and can't meaningfully challenge, applying these enhancements wasn't an abuse of discretion. *Cf. Gall v. United States*, 552 U.S. 38, 51–52 (2007) ("The sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case."). Nor were the district court's findings clearly erroneous. *United States v. Barnett*, 48 F.4th 216, 219 (4th Cir. 2022).

Remarque's argument that his below-Guidelines sentence is substantively unreasonable under 18 U.S.C. § 3553(a) is also unfounded. While he argues his case involved a shorter time span and fewer images than more egregious child-pornography cases, the district court's downward variance accounts for this. The record shows proper consideration of the parties' positions and the factors relevant to the case, so we see no abuse of discretion with respect to the sentence's substantive reasonableness. *United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007).[2]

---

[2] Remarque raises other challenges to his conviction and sentence, but we find none to have merit.

VI.

We affirm the district court's judgment. And we dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid in our decision.

*AFFIRMED*